UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Luvenia Wilson, ) | Civil Action No.: 4:22-cv-00181-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GE Precision Healthcare, LLC, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant GE Precision Healthcare, LLC's partial motion to dismiss. ECF No. 11. This matter is before the Court with the Report and Recommendation ("R & R") of Magistrate Judge Kaymani D. West who recommends denying Defendant's motion.[1] ECF No. 31. Defendant filed objections to the Magistrate Judge's R&R, ECF No. 33, and Plaintiff filed a Reply. ECF No. 34. The Court has reviewed all filings and agrees with the Magistrate Judge's recommendation that Defendant's partial motion to dismiss should be denied.

**Background**

The R&R adequately sets forth the factual background of this case. However, to briefly summarize, Plaintiff was employed by Defendant and then terminated for alleged absenteeism due to the accumulation of too many disciplinary points for the absenteeism. Plaintiff's amended complaint asserts claims for racial discrimination under Title VII, retaliation under Title VII, violation of the ADA, retaliation in violation of the ADA, FMLA retaliation and interference, breach of contract, and promissory estoppel. Defendant's partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) concerns only the breach of contract and promissory estoppel claims.

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

The Magistrate Judge found that Plaintiff's amended complaint stated plausible claims for breach of contract and promissory estoppel. The undersigned agrees.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (citing Fed. R. Civ. P. 8(a)(2)); *United States ex rel. Taylor v.*

*Boyko*, No. 20-1661, 2022 WL 2336802, at *6 (4th Cir. June 29, 2022).  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).  The district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations.*"* *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## Discussion

The dispute between Plaintiff and Defendant as it relates to the breach of contract claim and promissory estoppel claim centers around the parties apparent disagreement over how Plaintiff's absences from work, which were due to an alleged illness, were treated.  Defendant contends Plaintiff accumulated too many disciplinary points as a result of her absences and terminated her based on the accumulation of those disciplinary points.  Plaintiff, on the other hand, contends that Plaintiff and Defendant had an agreement over how many disciplinary points Plaintiff would receive due to her illness and absences from work and that Defendant breached their agreement when Defendant, *after the agreement was reached*, retroactively added disciplinary points so that they could terminate Plaintiff under Defendant's disciplinary policy.

A form dated October 26, 2020, ECF No. 11-2, which was signed by Plaintiff and representatives for the Defendant, set forth the amount of points that Plaintiff had accumulated up until October 26, 2020.  Plaintiff claims that this form constituted a contract related to the number of disciplinary points accumulated up through October 26, 2020, and that Defendant breached the contract when they retroactively added disciplinary points after the form was signed.  The total

3

number of points added *after* the form was signed by both parties provided Defendant with a sufficient, although suspect, reason under its disciplinary policy to terminate Plaintiff for absenteeism.  Defendant's reason for retroactively adding points after the form was signed is not entirely clear from the pleadings.

At this early stage of the case, the Court sees little harm in allowing Plaintiff's breach of contract claim and promissory estoppel claim to go forward, especially in light of Plaintiff's other pending federal employment claims.  The Magistrate Judge provided a detailed and accurate analysis as to why Plaintiff's amended complaint stated plausible breach of contract and promissory estoppel claims.  Defendant's objections rehash many of the same arguments presented to the Magistrate Judge.  Specifically, Defendant continues to insist that no contract existed between Plaintiff and Defendant and that Plaintiff was an at-will employee and, therefore, has no claim for breach of contract or promissory estoppel.  Defendant's arguments, however, misconstrue Plaintiff's claims, which are that the promise and/or contract dealt solely with the accumulation of disciplinary points and that Defendant's retroactive addition of even more disciplinary points constituted a breach of the contract and/or promise upon which Plaintiff relied.  While these two claims may be weak, Plaintiff has stated plausible claims for breach of contract and promissory estoppel.  Defendant can raise its arguments again at the summary judgment stage.  However, Defendant's objections to the R&R are overruled.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Defendant's objections and **ADOPTS** and incorporates by reference the Magistrate Judge's R & R, ECF No. 31.  Defendant GE Precision Healthcare, LLC's partial motion to dismiss [ECF No. 11] is **DENIED**.

**IT IS SO ORDERED.**

July 25, 2022  　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina  　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　Chief United States District Judge

5